## Sugarloaf Township School District v.
## Conyngham Borough (No. 1)

Before Valentine, P. J., Aponick and Pinola, JJ.

*Leroy Long*, for petitioner.

*John E. Cotsack*, for defendant.

PINOLA, J., September 18, 1950.—On July 7, 1950, Conyngham Borough filed to the above term and number a certified copy of an ordinance adopted by the borough council annexing certain lands in Sugarloaf Township.

On August 4, 1950, the School District of Sugarloaf Township filed an appeal from the ordinance.

Thereafter, to wit, on August 18, 1950, counsel for Conyngham Borough filed a motion to quash the appeal on the ground that the School District of Sugarloaf Township "is not a person aggrieved . . . and therefore, not a proper party".

Then, on August 24, 1950, the school district filed a petition in which it asserts that John E. Cotsack was not the borough solicitor and was not authorized to act for Conyngham Borough and therefore, asked that the

motion to quash the appeal presented by him, be dismissed. The rule granted on that petition is now before us.

At argument Mr. Cotsack presented a certified copy of the resolution adopted by the borough council on July 5, 1950, under the terms of which he is "authorized, directed and empowered to act as counsel, solicitor or attorney for the Borough of Conyngham in connection with the annexation of territory owned by William C. Butler, Jr., and wife".

This resolution is sufficient authority for Mr. Cotsack to represent the borough and that authority is in no way limited or impaired by the fact that the resolution expressly provides that he is not to be paid by the borough but must look for his compensation to the Butlers.

There is no merit in the contention of the school district that the borough council can act only by and through its solicitor.

Under section 36 of the Borough Code of July 10, 1947, P. L. 1621, 53 PS §13183:

"The law matters of the borough shall be under the superintendence, discretion, and control of the borough solicitor, and no department or officer of the borough, except as herein otherwise provided, shall employ an additional counsel without the assent or ratification of the council."

Certainly, if the council may authorize the employment of additional counsel for any department or officer of the borough, it may employ such additional counsel to represent it.

In any event, the school district has no standing to challenge the authority of the council in this matter.

Accordingly, we enter the following

*Order*

Now, September 18, 1950, the rule heretofore

granted to show cause why the motion to quash the appeal should not be dismissed, is discharged.